*THE STATE OF OHIO EX REL. SCHWARTZ v. HOWARD FERRIS, PROBATE JUDGE.

1. NOT A TAXATION OF PROPERTY.

The act of April 20, 1894 (91 O. L. 166), does not impose a tax on property, but on the privilege of inheriting property.

2. NOT UNIFORM IN ITS OPERATION.

The passage of a law taxing the privilege of inheriting property is within the legislative discretion, but this act is not uniform or equal in its application to all classes of estates, and is therefore in contravention of both the state and federal constition.

MANDAMUS.

SMITH, J.

1. The act of April 20, 1894, entitled "An act to impose· a direct inherit·ance tax" (91 O. L., 166), is not in conflict with section 2 of article XII of the constitution of the state as imposing a tax on property by other than a uniform rule. The tax attempted to be imposed is not upon the property itself, viz., that "which passed by will, the intestate laws of the state, or by deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor," but is in the nature of an excise tax upon the right or privilege of succession to such property. And the right of the general assembly, under the provisions of section 1 of article II, which vests the legislative power of the state in such body to impose excise taxes, must, under the decisions of the supreme court of the state, be fully recognized, and if imposed in accordance with the general principles which underlie the constitution, must be held to be valid.

2. Such act is not in conflict with section 26 of article II of the constitution, which provides that "all laws of a general nature shall have a uniform operation throughout the state."

3. But all laws imposing such excise taxes must, in accordance with the reason and spirit of the constitution, be uniform in their operation. As held in *Railway Company* v. *Connelly*, 10 O. S., 160, "assessments" (which, like excise taxes, do not seem to be governed by the limitation on the taxing power created by section 2 of article XII), "must be uniform, affecting all the owners and all the property abutting on the street alike. One rule cannot be applied to one owner and a different rule to another owner." Nor can they be upheld if substantially and necessarily unequal and unjust. In our judgment, the statute in question is in contravention of this principle. It provides, in section 1, that "when the value of the entire property of such decedent exceeds the sum of $20,000, and does not exceed the sum of $50,000, the tax shall be one per cent; when it exceeds $50,000, and does not exceed $100,000, one and one-half per cent," and then it proceeds to fix higher rates of taxes on higher grades. There is no exemption *to all persons* of taxes on property of the value of $20,000, but if the amount or value of the property which so passes is less than $20,000, no tax is imposed thereon. But if the amount or value of the estate be over $20,000 say $20,001, then the tax must be paid on the whole sum, and not simply on the amount over $20,000. And thus in the first case the person taking the estate would receive the whole amount thereof, while in the other case he would receive but $19,800, which seems manifestly unequal and unjust. If the statute exempted $20,000, (or any other sum), of *every* estate from taxation, it would in our judgment be equal and valid, even in imposing a graded tax, as it

*The judgment in this case was affirmed by the Supreme Court; opinion, 53 O. S., 314.

does. But as it stands, we are of the opinion that it violates that principle of uniformity and equality which must be found in all laws imposing taxes of every kind.

4. For substantially the same reason and on the same ground we incline to the opinion that the statute in question in this respect is invalid as being in contravention of that part of section 1, article XIV of the constitution of the United States, which provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

The writ will therefore be refused.

Judge SWING concurs. Judge COX concurs in the foregoing, except that he is of the opinion that the tax imposed by the law is on the property itself, and therefore that the limitation of section 2, article XII of the constitution also applies.

*J. K. Richards, Attorney-General*, and *Thomas A. Darby*, Assistant Prosecutor, for Relator.

*John W. Warrington, Thomas McDougall, Jacob Shroder* and *W. M. Ampt*, for Respondent